ATCHLEY & DELGADO, LLP
ATTORNEYS AT LAW
1819 E. SOUTHERN AVE, SUITE A-10
MESA, ARIZONA 85204
(480) 497-5009
FAX (480) 497-5029
mark@arizonabk.com

Mark R. Atchley  21419
Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA, PHOENIX DIVISION

| | |
|---|---|
| In re : <br><br> Harold Cornist, <br> Delinda Cornist, <br><br> Debtors. <br><br> Harold Cornist, <br> Delinda Cornist, <br><br>     Plaintiffs, <br> v. <br><br> Bank of America, N.A., <br><br>     Defendant. | CHAPTER 13 No. 09-bk-04316-RJH <br><br> COMPLAINT PURSUANT TO 11 U.S.C SECTION 506(a) AND BANKRUPTCY RULE 3012 TO DETERMINE THE VALUE OF SECURITY AND CREDITOR'S ALLOWED CLAIM <br><br> AP   NO.  09-ap-01467-RJH |

**Introduction**

This is an action brought by the Plaintiffs pursuant to 11 U.S.C. Section 506(a) and Rule 3012 of the Federal Rules of Bankruptcy Procedure to determine the value of the interest of the Defendant in the residential real estate of the debtors and determine the amount of the allowed secured claim of the Defendant.

**Jurisdiction**

1. The Plaintiffs allege that this is a core proceeding as defined by Section 157(b)(2) of Title 28 of the United States Code in that it concerns claims and matters arising

1

out of the administration of this bankruptcy case and rights duly established under Title 11 of the United States Code and other applicable federal law.

2. The Plaintiffs further allege that this Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code.

**The Base Case and Parties**

3. The underlying Chapter 13 bankruptcy case was commenced by the filing of a voluntary petition with the Clerk of this Court on March 10, 2009.

4. An Order for Relief under the provisions of Chapter 13 of Title 11 of the United States Code was duly entered by this Court upon the filing of the petition. This order served to invoke the provisions of Section 362(a) of Title 11 of the United States Code.

5. The 341(a) meeting of creditors was held on April 22, 2009, in Phoenix, Arizona.

6. The Defendant filed no objection to confirmation of the plan in this case.

7. The Defendant is, upon information and belief, an entity engaged in the business of consumer credit lending in the State of Arizona, and which maintains a principal place of business in the State of Arizona.

**Factual Allegations**

8. On the petition date, Debtors owned real property located at 10536 W. Mohave St., Tolleson, AZ 85353 (the "Property"). Debtors still own the Property.

9. On the petition date, the Property was subject to a first trust deed lien currently owned by Countrywide Home Loans, Inc. The deed of trust was recorded at the Maricopa County Recorder's Office on August 29, 2005 as instrument number 2005-1257125. The original principal balance was $177,899. Countrywide Home Loans currently has a first deed of trust with a balance of approximately $170,992.

10. Creditor Bank of America, N.A. ("Defendant") holds a deed of trust, recorded June 4, 2007 at the Maricopa County Recorder's Office as instrument number 2007-0641479.

11. The lien securing the second deed of trust of Defendant is junior to the first deed of trust listed above as owing to Countrywide Home Loans.

12. The Plaintiffs allege that the value of the Property was about $130,000 at the time the instant petition was filed.

13. The Plaintiffs allege that there is no equity in their home after the first lien of Countrywide Home Loans and therefore the Defendant has no secured interest for the loan secured by the second deed of trust on the subject real estate. Plaintiffs provided for the claim of Defendant to be paid as an unsecured claim under the terms of the proposed plan.

14. Pursuant to 11 U.S.C. Section 506(a), the Defendant has no allowable secured claim regarding the second deed of trust loan on the subject real estate.

15. Any timely filed claim of the Defendants for the second deed of trust loan is allowable only as an unsecured claim and to the extent that no such claim was filed the Defendant has no claim against this estate.

**WHEREFORE,** the Plaintiffs respectfully pray of the Court as follows:

A. That this Court determine that the Defendant has no secured interest for the loan secured by the second deed of trust on the residential real estate of the Debtors;

B. That this Court order the Defendant to cancel the second mortgage lien on the residential real estate of the debtors pursuant to 11 U.S.C. Section 506(d), immediately upon the entry of the Discharge Order and deliver the same to the attorney for the debtors within 20 days from the date of the entry of the said order at no charge or fee for the aforesaid cancellation and delivery;

C. That this Court direct the Trustee that any timely filed proof of claim of the Defendant for the second mortgage lien be treated as an unsecured claim under the plan;

D. That the attorney for the Plaintiffs be awarded reasonable legal fees;

E. That the Plaintiffs have such other and further relief as the Court may deem just and proper.

Dated this the 5th day of November, 2009

*/s/ Mark R. Atchley*
Mark R. Atchley, Atchley & Delgado, LLP
Attorney for the Plaintiffs
1819 E Southern Ave., Ste A-10
Mesa, AZ 85204
Arizona State Bar No. 21419
(480) 497-5009 / FAX (480) 497-5029
e-mail: mark@arizonabk.com